UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TROY GARDNER, | ) | |
| | ) | |
| Petitioner | ) | Civil No. 5:24-cv-00066-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | **MEMORANDUM OPINION** |
| KENTUCKY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

Troy Gardner is a pretrial detainee at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without a lawyer, Gardner filed a Petition for a Writ of Habeas Corpus with this Court. [*See* R. 8 (Operative Petition)]. While Gardner's submission is styled as a 28 U.S.C. § 2254 Petition [*see id.*], the Court recently determined that it is more appropriately construed as a 28 U.S.C. § 2241 Petition. [*See* R. 13.] That Petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. For the reasons set forth below, the Court will deny Gardner's Petition without prejudice to his right to pursue his claims in state court.

In November of 2023, Gardner was indicted in Fayette County Circuit Court, charged with trafficking in a controlled substance, possessing synthetic drugs, and being a persistent felony offender.[1] *See Commonwealth v. Gardner*, No. 23-CR-01067 (Fayette Co. Cir. Ct. 2023). That matter remains ongoing, and Gardner has filed multiple pretrial motions, including a motion to dismiss the charges pending against him. *See id.*

Gardner's case continues to proceed, and the state trial court is scheduled to hold a hearing soon to consider Gardner's various motions. *See id.* Nevertheless, Gardner filed his

---

[1] The Court takes judicial notice of the docket in Gardner's state criminal case, which is available at htts://kcoj.kycourts.net/CourtNet.

Habeas Petition with this Court. [*See* Rs. 1, 8]. Gardner takes exception to the state charges pending against him, arguing, among other things, that his Fourth Amendment rights were violated during his initial interaction with law enforcement. [*See* R. 8 at 5-6]. Ultimately, Gardner asks this Court to order his "immediate release" from state custody. [*See id.* at 18].

The Court has reviewed Gardner's Petition but will deny his request without prejudice to his right to pursue his claims in state court. While a state pretrial detainee may file a § 2241 petition to try to challenge matters related to his underlying criminal case, *Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012), the circumstances under which he may do so are rare; indeed, "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). In fact, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). As further explained in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus, the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id.* (citations omitted). *See also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging that while federal courts have the authority to consider a habeas corpus petition related to an ongoing state matter, "considerations of federalism counsel strongly against exercising [that] power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010). Moreover, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810. *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985) (recognizing that exhaustion of state remedies is generally required).

Here, while Gardner takes exception to the state charges pending against him, his criminal case remains ongoing, and the state court record indicates that Gardner has had—and continues to have—opportunity to raise his claims. In short, Gardner has not exhausted his state court remedies. And there is certainly nothing in Gardner's Petition that suggests the existence of the kind of "special circumstances" that would justify this Court's extraordinary intervention into his ongoing state criminal case. Thus, the Court will deny Gardner's request for relief at this time. *See also Troy Gardner v. Tim Robinson*, No. 3:23-cv-P531-JHM, at R. 4 (W.D. Ky. Oct. 20, 2023) (reaching a similar result in another matter filed by the same petitioner).

Accordingly, the Court **ORDERS** as follows:

1. Gardner's Petition for a Writ of Habeas Corpus [**R. 8**] is **DENIED WITHOUT PREJUDICE** to his right to pursue his claims in state court.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This the 4th day of June, 2024.

3

Gregory F. Van Tatenhove
United States District Judge